UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL LAVALLE,

        Petitioner,

v.                                 Case No. 3:05-cv-1310-J-32MMH

JAMES R. MCDONOUGH,[1] et al.,

        Respondents.

**ORDER OF DISMISSAL WITH PREJUDICE**[2]

Petitioner initiated this action by filing a Petition (Doc. #2) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 15, 2004.[3]  He challenges a 1999 state court conviction. On April 24, 1996, the President signed into law the Antiterrorism

---

[1] James R. McDonough, the Interim Secretary of the Florida Department of Corrections, is substituted as the proper party Respondent for James V. Crosby, Jr., pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically.  However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[3] The Petition was filed in federal court on November 16, 2004; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to prison authorities for mailing to this Court (November 15, 2004).  See Houston v. Lack, 487 U.S. 266, 276 (1988).  The Court will also give Petitioner the benefit of the mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Respondents contend, and this Court agrees, that Petitioner has not complied with the one-year limitations

period as set forth in this new subsection. See Response to Petition (Doc. #12), filed August 3, 2005.

The judgment under attack in the Petition was entered on October 6, 1999. Petition at 1; Ex.[4] V. Petitioner did not file a timely appeal of his judgment of conviction; therefore, his conviction became final thirty days later on November 5, 1999. See Fla. R. App. P. 9.140(b)(3); Gust v. State, 535 So.2d 642, 643 (Fla. 1st DCA 1988) (holding that, when a defendant does not file a direct appeal, the conviction becomes final when the thirty-day period for filing a direct appeal expires). Accordingly, Petitioner should have filed his Petition in this Court on or before November 5, 2000, unless he had any properly-filed applications pending in state court that tolled the one-year limitations period.

Petitioner did not file any applications for post-conviction relief in state court until January 22, 2001, when he signed and thereafter filed a Habeas Corpus Motion for Belated Appeal. Ex. A. This motion was denied on April 11, 2001. Ex. F.

Normally, the time between the entry of an order and the filing of a notice of appeal seeking review of that order is excluded from the one-year limitations period. See Carey v. Saffold, 536 U.S. 214, 220-21 (2002) (holding that a petitioner's

---

[4] The Court hereinafter refers to the exhibits in Respondents' Appendix (Doc. #14), filed August 4, 2005, as "Ex."

claim is "pending" for the entire term of state court review, including those intervals between one state court's judgment and the filing of an appeal with a higher state court). However, the Eleventh Circuit, in <u>Moore v. Crosby</u>, 321 F.3d 1377 (11th Cir. 2003), noted that cases where the notice of appeal is not timely filed must be treated differently. Specifically, the court stated the following:

> The question remains, however, what effect the granting of a motion for belated appeal from the denial of a timely state application would have on calculating how long that state application was pending under section 2244(d)(2). The few circuits to discuss the issue have found that an out-of-time appeal does not revive the time during which no state collateral petition was pending before the state court. See <u>Melancon v. Kaylo</u>, 259 F.3d 401, 407 (5th Cir. 2001) (holding that after the appeal period has lapsed, an application for further appellate review ceases to be "pending" for purposes of calculating federal habeas corpus tolling provision); <u>Gibson v. Klinger</u>, 232 F.3d 799, 804 (10th Cir. 2000) (concluding that a "state court's grant of leave to appeal out of time cannot erase the time period during which nothing was pending before a state court"); <u>Fernandez v. Sternes</u>, 227 F.3d 977, 981 (7th Cir. 2000) (holding that while a state process may be reviewed after the time to seek further review has expired, "the prospect of revival does not make a case 'pending' in the interim").
>
> After reviewing these cases, we are particularly persuaded by the Fifth Circuit's analysis in <u>Melancon</u> and adopt its reasoning. The Fifth Circuit, in discussing whether the petitioner's federal petition was timely, found that, at the point when the state limitations period expired, the petitioner was

4

> not entitled to further appellate review and, therefore, he had no application "pending" in state court. The court also explained that a state court's subsequent decision to permit review may toll the time relating to the application, but it does not change the fact that the application was not pending prior to the filing of the application. Thus, the Fifth Circuit concluded that after the appeal period lapsed, an application ceased to be pending, but that a subsequent properly filed application entitled the petitioner to additional tolling beginning at the time of the proper filing.

Id. at 1380.

Accordingly, the January 22, 2001, Habeas Corpus Motion for Belated Appeal did not toll the federal one-year limitations period because it had already expired on November 5, 2000. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam), cert. denied, 531 U.S. 991 (2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Petitioner appears to assert that, pursuant to 28 U.S.C. § 2244(d)(1)(B), the limitations period did not begin to run until an unconstitutional impediment to his timely filing was removed. Specifically, Petitioner contends that the state impeded his access to the courts while he was confined in an isolation unit from August 16, 1999, through June 18, 2001. Petition at 2-5. He

5

claims that he was not permitted access to the jail's law library during this time period. Instead, inmates in the isolation unit were required to submit a request for specific legal information to the law library supervisor and then the information would be downloaded from Westlaw and forwarded to the inmate. Id. at 4.

In a similar case involving a prison lockdown, the Eleventh Circuit found that an alleged governmental impediment must be unconstitutional, such as one that is not "reasonably related to legitimate penological interests." Akins v. United States, 204 F.3d 1086, 1090 (11th Cir.) (citation omitted), cert. denied, 531 U.S. 971 (2000).

> Although it is well established that prisoners have a constitutional right of access to the courts, the Supreme Court has clarified its decision in Bounds v. Smith, 430 U.S. 817, 825, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), stating that access to the law libraries is not required of prisons, but rather is one way of assuring the constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). The mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment. The inmate must show that this inability caused an actual harm, or in other words, unconstitutionally prevented him from exercising that fundamental right of access to the courts in order to attack his sentence or to challenge the conditions of his confinement. Lewis, 518 U.S. at 355.

Id.

Although Petitioner was denied access to the law library, he admits that he had the opportunity to request legal information

from the law library supervisor. Furthermore, it is clear that his access to the courts was not unconstitutionally impeded during this entire period of time because he was able to prepare and then file his Habeas Corpus Motion for Belated Appeal on January 22, 2001. Thus, the Court finds that his inability to access the law library from August 16, 1999, through June 18, 2001, was not an unconstitutional impediment to filing.

Additionally, Petitioner's alleged inability to access the law library does not warrant equitable tolling. Equitable tolling is appropriate when a prisoner's petition is untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1266 (11th Cir. 2003) (citations omitted), aff'd, 544 U.S. 295 (2005). The Eleventh Circuit has emphasized, however, that equitable tolling applies "only in truly extraordinary circumstances" and "is typically applied sparingly." Id. (citations omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted). Clearly, the burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable even with diligence, and this high hurdle will not be surmounted easily. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 126 S.Ct. 1059 (2006); Wade v. Battle, 379 F.3d at 1265 (citation omitted). As noted by the Eleventh Circuit, "Akins suggests that lockdowns and periods in

7

which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate." Dodd v. United States, 365 F.3d 1273, 1283 (11th Cir. 2004). Thus, this Court finds that Petitioner is not entitled to equitable tolling.

Even assuming arguendo that the limitations period began on June 19, 2001 (the day after the alleged impediment to filing was removed), the Petition was still untimely filed. The period ran for 125 days from June 19, 2001, until October 22, 2001, (the day before Petitioner signed and thereafter filed his motion for post-conviction relief in state court). Ex. G. The motion was denied, the order denying the motion was affirmed, and the mandate was issued by the appellate court on March 12, 2004. Ex. I; Ex. L; Ex. O; Ex. W. Thus, Petitioner had until November 8, 2004 (240 days from March 13, 2004) to timely file his federal Petition. However, he did not hand his Petition to prison authorities for mailing to this Court until November 15, 2004. Thus, the Petition was not timely filed.

In sum, Petitioner has not shown an adequate reason why the dictates of the one-year limitations period should not be imposed upon him. Thus, the Court will dismiss this case with prejudice as untimely filed.

Therefore, it is now

**ADJUDGED:**

1. The Petition is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment dismissing the Petition with prejudice and dismissing this case with prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of May, 2006.

_____
TIMOTHY J. CORRIGAN
United States District Judge

ps 4/17
c:
Michael LaValle
Assistant Attorney General Robin A. Compton